IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKMAN FINANCIAL CORP., )
)
    Plaintiff, ) No. 08 C 5784
)
v. ) Honorable Charles R. Norgle
)
HUMANA INSURANCE COMPANY, )
)
    Defendant. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is the Defendant Humana Insurance Company's ("Humana") motion to dismiss Plaintiff Jackman Financial Corp.'s ("Jackman") amended complaint. For the following reasons, the motion is denied.

### I. BACKGROUND

#### A. FACTS

The Court takes the following facts from the amended complaint. Jackman is a small-scale finance company that advances funds to pay for funeral expenses in return for an assignment of proceeds from the deceased's life insurance policy. Humana provides life insurance policies to individuals nationwide. Kunta Torrence ("Kunta") participated in an employee welfare benefit plan (the "Plan") that his employer, Freirich Foods, Inc., established and that Humana administered, although Jackman does not specifically refer to Humana as the Plan's administrator.[1] Under the Plan, in the event Kunta died, the Plan provided life insurance

---

[1] Although the Complaint does not allege whether Humana was the administrator of the Plan, or whether it was merely the insurance provider under the Plan, the parties do not contest that Humana served as the administrator of

benefits in the amount of $15,000. Kunta named his brother, Adair, the sole beneficiary under the Plan. Yet, if Adair was not alive upon Kunta's death, any payment under the Plan, in Humana's discretion, would be made to any of the following individuals as they relate Kunta: his spouse; his children; his parents; his brothers and sisters; or his estate. See Certificate of Insurance at 20.

On April 1, 2007 Kunta (the insured) and Adair (the beneficiary) died in a motor vehicle accident. Authorities took Kunta's remains to a funeral home, which contacted Jackman to finance the funeral. Typically, when Jackman agrees to finance a funeral, it requires the beneficiary of the deceased's life insurance policy to execute an assignment of policy proceeds to cover the funeral costs. As alleged, Jackman proceeded routinely. This situation was unique, however, because the beneficiary died at the same time as the insured.

On April 9, 2007 Kunta's mother, Nancy Kelly ("Kelly"), requested in writing that Humana pay the policy proceeds to Kunta's children. According to the amended complaint, Humana complied with Kelly's written request; although the amended complaint does not allege when, exactly, Humana issued the payment of proceeds to Kunta's mother or children. In addition to Kelly's written request, Jackman alleges that Kunta's mother informed Humana of an upcoming assignment of benefits.

On April 11, 2007, two days after Kelly sent her written request to Humana, she executed an assignment form that purportedly assigned $10,664.93 of the policy proceeds to Jackman. On April 13, 2008 Kelly was named the administrator of Kunta's estate. She then submitted a life

---

claims pursuant to the Plan and is the proper party defendant on a claim to recover benefits under ERISA. See Jakubiec v. Inland Material Handling, Inc. Employee Benefits Plan, No. 01 C 9208, 2002 WL 1759832, at *2 (N.D. Ill. 2002) (citing Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996)); cf. Mondry v. Am. Family Mut. Ins. Co., --F.3d--, 2009 WL 539859 (7th Cir. Mar. 5, 2009) (noting that "for simplicity's sake" the court would refer to the employer and the plan administrator with the same designation).

insurance claim to Humana, indentifying herself as Kunta's mother and as the beneficiary and administrator of Kunta's estate. On April 23, 2007 Jackman paid $10,185.01 to the funeral home to cover the costs of Kunta's funeral. In turn, on April 24, 2007 Jackman requested payment from Humana, invoking the assignment of benefits that Kelly authorized. But Humana refused to pay Jackman because, according to the amended complaint, it had already distributed the proceeds to "Nancy Kelly, on behalf of the minor children of Kunta Torrence, and based upon an August 9, 2007 written direction of Nancy Kelly." Compl. ¶ 10. Unable to recover on its alleged assignment, Jackman turned to the state court for relief.

## B. Procedural History

Jackman initiated this action against Humana in the Circuit Court of Cook County for its alleged refusal to pay Jackman's claim on the assignment of insurance benefits. Humana removed the case to federal court, and Jackman filed an amended complaint that conceded federal jurisdiction, deleted the state-law claims it pleaded previously, added a single claim of denial of benefits pursuant to ERISA – a violation of 29 U.S.C. § 1132(A)(1)(B) – and alleged specifically that Humana's payment of benefits to Jackman's minor children, under the express terms of the insurance policy, was arbitrary and capricious. On December 29, 2009 Humana filed a motion to dismiss the amended complaint. The motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

When determining the sufficiency of a complaint, we take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. See, e.g., Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). When reviewing a

3

motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001), it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000) (citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)).

Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To pass muster on a 12(b)(6) motion, however, this short plain statement must satisfy "two easy-to-clear hurdles." E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests. Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007); see Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Second, the complaint must also contain sufficient allegations based on more than speculation to state a claim for relief that is plausible on its face. Concentra Health Serv., Inc., 496 F.3d at 776.

## B. DENIAL OF BENEFITS

When reviewing a denial of benefits challenged under § 1132(a)(1)(B), the reviewing court shall apply a de novo standard unless the benefit plan gives the administrator discretionary authority to determine the eligibility for benefits or to construe the plan's terms. Williams v. Aetna Life Ins. Co., 509 F.3d 317, 321 (7th Cir. 2007) (citing Firestone Tire & Rubber v. Brunch, 489 U.S. 101, 105 (1989)); Mers v. Marriott Int'l Group Accidental Death & Dismemberment Plan, 144 F.3d 1014, 1021 (7th Cir. 1988). The language of the benefit plan must be clear, so that it indicates that the administrator "not only has broad-ranging authority to

assess compliance with pre-existing criteria, but also has the power to interpret the rules, to implement the rules, and even to change them entirely."[2] Diaz v. Prudential Ins. Co. of Am., 424 F.3d 635, 636-37 (7th Cir. 2005).

In this case, the parties do not dispute that Humana has discretionary authority under the Plan, thus the court must review the denial of benefits under the arbitrary and capricious standard. Hackett v. Xerox Corp. Long-Term Disability Income, 315 F.3d 771, 773 (7th Cir. 2003). This is a highly-deferential standard through which the administrator's decision will only be overturned if it is "downright unreasonable." Tegtmeier v. Midwest Operating Eng'rs Pension Trust Fund, 390 F.3d 1040, 1045 (7th Cir. 2005); Carr v. Gates Health Care Plan, 195 F.3d 292, 295 (7th Cir. 1999). But, despite the deferential nature of the arbitrary and capricious standard, it "is not a rubber stamp," and courts should not uphold a denial of benefits "where there is an absence of reasoning in the record to support it." Hackett, 315 F.3d at 773. In other words, the denial of benefits must be unreasonable, not merely incorrect. Hupp v. Experian, 108 F. Supp. 2d 1008, 1015 (N.D. Ill. 2000) (citing Herzberger, 205 F.3d at 329). With these standards in mind, the Court must determine whether Jackman pleaded a plausible claim that Humana acted arbitrarily and capriciously when it refused to acknowledge Jackman's claim of benefits based on the assignment obtained from the deceased's mother. We find that it did.

In support of its motion, Humana's primary contention is that the Plan expressly granted Humana the option to pay, at its discretion, the policy benefits to the Kunta's children. And since it exercised this discretion, Humana says, it did not act arbitrarily and capriciously when it chose to ignore Jackman's assignment and to deny the claim. The problem with this argument is

---

[2] The Seventh Circuit has given us a model clause that limits judicial review: "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." Herzberger v. Standard Ins. Co., 205 F.3d 327, 329 (7th Cir. 2000).

that if fails to consider its own knowledge of Jackman's alleged assignment. Jackman points out that it specifically alleged that Humana was aware of Jackman's assignment at the time Kelly ordered Humana to pay the proceeds of the policy to Kunta's children. According to the amended complaint, Humana made its payment to Kelly in spite of its knowledge that the assignment existed. As such, Jackman maintains that it pleaded enough to support the contention that Humana abused its discretion when it denied Jackman's request to receive the policy benefits, and, therefore, to survive a motion to dismiss. The Court agrees with Jackman.

If Humana had knowledge of the assignment, and paid out the insurance proceeds after Kelly signed and completed the assignment, this may be enough to show that Humana's conduct was arbitrary and capricious, as this may support a finding of fraud or bad faith on behalf of Humana. See, e.g., Trombetta v. Cragin Fed. Bank for Savings Employee Stock Ownership Plan, 102 F.3d 1435, 1438 (7th Cir. 1996) (noting that evidence of fraud and bad faith may support a finding of arbitrary and capricious conduct). Based on the allegations, the Court is not in a position to determine whether Humana acted arbitrarily and capriciously as a matter of law. As it turned out, the Plaintiff alleged just enough to survive a Rule 12(b)(6) motion.

## C. VALIDITY OF THE ASSIGNMENT

Humana next argues that Kelly, as a mere "potential beneficiary," had no authority to assign the benefits of the policy to Jackman, thus the company's claim fails as a matter of law. According to the complaint, Kelly did not become the executor of Kunta's estate until two days after she executed the assignment of benefits in favor of Jackman. Prior to that, Humana maintains that Kelly was a mere potential beneficiary under the Plan without any vested rights to assign. In effect, Humana asserts that without a valid assignment Jackman's claim fails as a matter of law.

6

What we do not know, however, based only on the allegations of the complaint, is whether Kelly represented to Jackman that she was the executor of Kunta's estate. Moreover, it may not make a difference when Kelly executed the assignment, if Humana's payment came after she was named the executor of Kunta's estate. Indeed, the amended complaint seems to be void of several pertinent allegations, but these open questions do not cause Jackman's claims to fail as a matter of law. The allegations are sufficient, though barely sufficient to state a plausible claim against Humana pursuant to Rule 8. In turn, the complaint alleges enough to put Humana on notice that it may be liable to Jackman based on the assignment of benefits. This is all Jackman needs to survive a motion to dismiss. Accordingly, the motion is denied.

The Court notes, however, that Humana's arguments in favor of dismissal are not without merit. And although we ruled against Humana on the motion to dismiss, the Court cannot determine, given the uncertainties of the complaint, whether Humana can answer the amended complaint in its current form. To assist the parties, the Court shall require Jackman to file a more definite statement pursuant to FED. R. CIV. P. 12(e). In doing so, Jackman should expand on its allegations regarding Humana's arbitrary and capricious conduct and on its allegations regarding Kelly's authority to assign the benefits of Kunta's policy. Jackman must keep in mind that a legal conclusion, by itself, is typically disregarded when it is belied by other, fact-based allegations. Hu v. Huey, No. 07 C 3822, 2008 WL 2797000, at *7-*8 (N.D. Ill. July 18, 2008) (dismissing complaint where "conclusory and contradictory" allegations would "not pass the speculative test set forth in *Twombly*."); Newton v. Chicago Sch. Reform Bd. of Tr., No. 96 C 7078, 1997 WL 603838, at *2 (N.D. Ill. Sept. 24, 1997) (dismissing claim that hinged on a conclusory allegation that was directly contradicted by "fact-specific" allegations); see also Ventre v. Datronic Rental Corp., No. 92 C 3289, 1996 WL 66115, at *2 (N.D. Ill. Feb. 13, 1996)

(noting that a court need not accept as true any improperly pleaded allegation, such as a legal conclusion).

### III. CONCLUSION

For these reasons, Defendant Humana Insurance Company's motion to dismiss Plaintiff Jackman Financial Corp.'s amended complaint is denied, with instructions.

IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, Judge
United States District Court

DATED: 3/12/09